IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

FILED IN
COURT OF CRIMINAL APPEALS

MAR 13 2015

Abel Acosta, Clerk

ALEX CRANK, II          APPLICANT/APPELLANT PRO SE

V.

THE STATE OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 13 2015

Abel Acosta, Clerk

CASE # PD-0203-15
NO. 08-09-00109-CR
APPEAL FROM THE 227th JUDICIAL DISTRICT COURT OF BEXAR
COUNTY, TEXAS (T.C. # 2007-CR-10969)

PETITIONER'S MOTION FOR LEAVE TO FILE APPELLANT'S MOTION TO OBTAIN FREE COPY OF HIS APPELLATE RECORD

TO THE HONORABLE JUSTICES OF SAID COURT:

COMES NOW, ALEX CRANK, II, PETITIONER/APPELLANT, IN THE ABOVE STYLED AND NUMBERED CAUSE AND FILES THIS PETITIONER'S MOTION FOR LEAVE TO FILE APPELLANT'S MOTION TO OBTAIN FREE COPY OF HIS APPELLATE RECORD AND RESPECTFULLY MOVES THIS HONORABLE COURT TO GRANT SAID MOTION AND IN SUPPORT THEREOF WOULD SHOW TO THE COURT THE FOLLOWING;

APPELLANT WAS CONVICTED BY A JURY TRIAL ON FEB. 23, ANNO DOMINI 2009 OF THE CHARGE OF MURDER AFTER A NOT-GUILTY-SELF-DEFENSE PLEA, AND SENTENCED TO 99 YEARS.

APPELLANT IS INDIGENT, RELYING ONE HUNDRED PERCENT ON THE FINANCIAL SUPPORT PROVIDED BY HIS WIDOWED MOTHER. APPELLANT SUBMITS THAT HE IS UNABLE TO PREPAY ANY COSTS FOR HEREAFTER MENTIONED DOCUMENTS, AND THAT IT IS IMPERATIVE TO OBTAIN SUCH RECORDS SO HE MAY ADEQUATELY AND EFFECTIVELY PRESENT DISPUTED FACTUAL DISPUTES AND ISSUES THAT OCCURRED DURING HIS TRIAL AND APPEAL,

1.

No. _____

PURSUANT TO TEX. R. APP. PROC. RULE 66, RULE 68, RULE 69, AND RULE 70; TEX. CODE CRIM. PROC. ARTICLE 11.07; AND PROCEEDING UNDER THE CRIMINAL JUSTICE ACT, FED. R. APP. PROC. RULE 18 U.S.C. § 3006 A, RULE 28 U.S.C. § 2254, AND RULE 28 U.S.C. § 753 (f); AS UNCONSTITUTIONAL.

APPELLANT SEEKS LEAVE OF COURT TO FILE HIS MOTION TO OBTAIN FREE COPY OF HIS APPELLATE RECORD BECAUSE HIS PETITION FOR DISCRETIONARY REVIEW IS DUE IN THIS HONORABLE COURT ON JUNE 1, ANNO DOMINI 2015, SANCTIONING THE SAID COURT WITH JURISDICTION TO ADJUDICATE SAID CAUSE OF ACTION.

APPELLANT PRAYS THIS COURT GRANT LEAVE TO FILE APPELLANT'S MOTION TO OBTAIN FREE COPY OF HIS APPELLATE RECORD.

## INCORPORATION

THE FOLLOWING MOTIONS:

(a) HABEAS PETITIONER'S MOTION FOR LEAVE TO FILE MOTION TO OBTAIN FREE COPY OF HIS APPELLATE RECORD;

(b) HABEAS PETITIONER'S MOTION TO OBTAIN FREE COPY OF HIS APPELLATE RECORD; AND,

(c) APPELLANT'S APPLICATION TO PROCEED IN FORMA PAUPERIS

ARE HEREBY ADOPTED BY REFERENCE PURSUANT TO TEX. R. APP. PROC. RULE 9.7, AND INCORPORATED HERETO.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON THIS THE 7th DAY OF MARCH, ANNO DOMINI 2015, A TRUE AND CORRECT COPY OF THE ABOVE AND FOREGOING PETITIONER'S MOTION FOR LEAVE TO FILE APPELLANT'S MOTION TO OBTAIN FREE COPY OF HIS APPELLATE RECORD WAS POSTED VIA U.S. MAIL TO STATE ATTORNEY, P.O. BOX 12405, AUSTIN, TEXAS, 78711.

_Alex Crank II_

PETITIONER, APPELLANT

2

No. _____

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

ALEX CRANK, II      APPLICANT/APPELLANT PRO SE
        V.
THE STATE OF TEXAS

CASE# PD-0203-15
   NO. 08-09-00109-CR
APPEAL FROM THE 227th JUDICIAL DISTRICT COURT OF BEXAR
COUNTY, TEXAS (T.C. # 2007-CR-10969)

PETITIONER'S MOTION FOR LEAVE TO FILE APPELLANTS
MOTION TO OBTAIN FREE COPY OF HIS APPELLATE RECORD

ORDER

ON THIS DAY, CAME ON TO BE HEARD PETITIONER'S
MOTION FOR LEAVE TO FILE APPELLANT'S MOTION TO
OBTAIN FREE COPY OF HIS APPELLATE RECORD IN SAID
CAUSE AND IS HEREBY:

☐ GRANTED        ☐ DENIED

IT IS THEREFORE ORDERED THAT LEAVE OF COURT IS
GRANTED AND TO SET APPELLANT'S MOTION TO OBTAIN
FREE COPY OF HIS APPELLATE RECORD FOR HEARING
IN THIS COURT ON THE _____ DAY OF _____,
ANNO DOMINI 2015, AT _____ OCLOCK _____.

SIGNED ON THIS THE _____ DAY OF _____,
2015.

_____
PRESIDING JUSTICE

3.

# UNSWORN DECLARATION BY INMATE

I, ALEX CRANK II, T.D.C.J. #01559591, BEING
PRESENTLY INCARCERATED IN THE POLUNSKY UNIT OF
THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE IN POLK
COUNTY, TEXAS, VERIFY AND DECLARE UNDER PENALTY
OF PERJURY THE FOREGOING STATEMENTS ARE
TRUE AND CORRECT.

SIGNED ON THIS THE 7th DAY OF MARCH ,
ANNO DOMINI 2015.

_ALEX CRANK II_

ALEX CRANK, II
T.D.C.J. #01559591
POLUNSKY UNIT
3872 F.M. 350 SOUTH
LIVINGSTON, TEXAS
77351

NO. _____

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

ALEX CRANK, II          APPLICANT/APPELLANT PRO SE
V.
THE STATE OF TEXAS

CASE # PD-0203-15
NO. 08-09-00109-CR
APPEAL FROM THE 227th JUDICIAL DISTRICT COURT OF BEXAR COUNTY, TEXAS (T.C. # 2007-CR-10969)

APPELLANT'S MOTION TO OBTAIN FREE COPY
OF HIS APPELLATE RECORD

TO THE HONORABLE JUSTICES OF SAID COURT:

COMES NOW, ALEX CRANK, II, APPLICANT, APPELLANT, PRO SE, AND FILES THIS APPELLANT'S MOTION TO OBTAIN FREE COPY OF HIS APPELLATE RECORD, AND RESPECTFULLY MOVES THIS HONORABLE COURT TO GRANT THIS MOTION TO OBTAIN FREE COPY OF HIS APPELLATE RECORD AND IN SUPPORT THEREOF WOULD SHOW TO THE COURT THE FOLLOWING:

I.

APPELLANT SUBMITS THAT SAID RECORD IS NECESSARY FOR THE PURPOSE OF SUBMITTING HIS PETITION FOR DISCRETIONARY REVIEW, PURSUANT TO TEX. R. APP. PROC. RULE 66, RULE 68, RULE 69 AND RULE 70; HIS APPLICATION FOR STATE WRIT OF HABEAS CORPUS PURSUANT TO TEX. CODE OF CRIM. PROC. ARTICLE 11.07; AND, PROCEEDING FORTHWITH UNDER THE CRIMINAL JUSTICE ACT, FED. R. APP. PROC. RULE 18 U.S.C. § 3006 A, HIS 28 U.S.C. § 2254 FEDERAL HABEAS CORPUS PURSUANT TO FED. R. APP. PROC. RULE 28 U.S.C. § 2254 AND RULE 28 U.S.C. § 753 (f).

4.

APPELLANT SUBMITS THAT HE IS UNABLE TO PREPAY ANY COSTS FOR THE DOCUMENTS AND RECORDS REQUESTED HEREAFTER IN SECTION IV., PERTAINING TO HIS CONVICTION NOR OTHERWISE GIVE SECURITY HEREOF AS A RESULT OF HIS INDIGENCY AND CANNOT DEFRAY ANY COSTS HEREOF BECAUSE OF HIS POVERTY. FURTHER, THE APPELLANT SUBMITS THAT IT IS IMPERATIVE TO OBTAIN SAID DOCUMENTS AND RECORDS SO HE MAY ADEQUATELY AND EFFECTIVELY PRESENT DISPUTED FACTUAL ISSUES THAT OCCURRED DURING HIS TRIAL AND APPEAL AS UNCONSTITUTIONAL ; ERRORS IN VIOLATION OF THE UNITED STATES CONSTITUTION AND THE STATE OF TEXAS' CONSTITUTION. APPELLANT CONTENDS THAT IT IS A VIOLATION OF THE DUE PROCESS AND EQUAL PROTECTION CLAUSES TO DISCRIMINATE AGAINST A CONVICTED PERSON ON THE BASIS OF POVERTY, AS SECURED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION. "IN GRIFFIN V. ILLINOIS, 351 U.S. 12, 76 S.CT. 585, 100 L.ED 891 (1956) THE COURT HELD THAT THE PRINCIPLE IS THAT "DESTITUTE DEFENDANTS MUST BE AFFORDED TRANSCRIPTS" 351 AT 19, 76 S.CT. AT 591, A HOLDING RESTATED IN ESKRIDGE V. WASHINGTON STATE BOARD OF PRISON TERMS PAROLES, 357 U.S. 214, 216, 78 S.CT. 1061, 1062, 2 L.ED. 2d 1269 (1958) TO BE "THAT A STATE DENYS A CONSTITUTIONAL RIGHT GUARANTEED BY THE FOURTEENTH AMENDMENT IF IT ALLOWS ALL CONVICTED DEFENDANTS TO HAVE APPELLATE

REVIEW EXCEPT THOSE WHO CANNOT AFFORD TO PAY FOR RECORDS OF THEIR TRIALS." IN ALL CASES WHERE APPEAL RIGHTS ARE AVAILABLE THE STATE IS REQUIRED BY DUE PROCESS AND EQUAL PROTECTION CLAUSES TO PROVIDE AN INDIGENT DEFENDANT WITH THE MEANS TO FAIRLY AND EFFECTIVELY SUBMIT HIS APPLICATION FOR WRIT OF HABEAS CORPUS."

CITING: DOUGLAS V. CALIFORNIA, 372 US. 353, 83 S.CT. 814, 9 L.Ed. 2d 811 (1963); (SEE ALSO)

MAYER V. CITY OF CHICAGO, 404 U.S. 189, 92 S.CT. 410, 30 L.Ed 372 (1971);

EVITTS V. LUCEY, 105 S.CT. 830 (1985), 83 L.Ed. 2d 821;

U.S. V. PULIDO, C.A.5 (TEX.) 1989, 879 F. 2d 1255.

## II.

THIS MOTION IS PRESENTED IN GOOD FAITH SO THAT THE APPELLANT MAY OBTAIN PHOTOSTATIC COPIES OF ALL DOCUMENTS LISTED HEREAFTER IN § IV. WHICH WILL AID AND ASSIST HIM IN PREPARATION FOR APPEALING TO A HIGHER COURT OF HIS CONVICTION IMPOSED BY THE COURT OF APPEALS. THE DEFENDANT/APPELLANT IS ENTITLED TO REDRESS BY HABEAS CORPUS RELIEF AND DISCRETIONARY REVIEW THAT WHICH IS ESSENTIAL FOR HIM TO BE ABLE TO RESEARCH THE DOCUMENTS AND TRIAL RECORDS LISTED HEREAFTER IN § IV.

THE TEXAS COURT OF CRIMINAL APPEALS, IN WARD V. STATE, 740 S.W. 2d 794, 1987 LEXIS 714 RULED: "AN APPOINTED ATTORNEY'S LEGAL RESPONSIBILITIES DO NOT MAGICALLY AND AUTOMATICALLY TERMINATE AT THE CONCLUSION OF THE TRIAL... AN INDIGENT DEFENDANT IS ENTITLED TO AN ADEQUATE RECORD ON APPEAL."

6.

No. _____

THE UNITED STATES SUPREME COURT HAS HELD THAT THE STATES ARE REQUIRED TO ESTABLISH AVENUES OF APPELLANT REVIEW, BUT IT IS NOW FUNDAMENTAL THAT KEPT FREE FROM UNREASONABLE DISTINCTIONS THAT CAN IMPEDE, APPLICANT BE GIVEN EQUAL ACCESS TO THE COURTS. APPLICANT SHOWS THAT IF HE IS DENIED COPIES OF THE REQUESTED DOCUMENTS LISTED HEREIN, HE WOULD BE DENIED HIS RIGHT OF APPEAL. SUCH DENIAL IS A DIRECT VIOLATION OF THE PROTECTIONS PROVIDED BY THE DUE PROCESS AND EQUAL PROTECTION CLAUSES OF THE UNITED STATES CONSTITUTION, APPLIED TO THE STATES BY THE FOURTEENTH AMENDMENT THERETO. TO IMPOSE FINANCIAL CONDITION UPON AN INDIGENT PRISONER IS DENYING SAID PRISONER THE EQUAL PROTECTION AND DUE PROCESS OF THE LAW, THEREBY PERPETUATING THE PREJUDICE TO AND DENIAL OF HIS RIGHT TO A FAIR AND IMPARTIAL TRIAL. IN THE CASE OF BOUNDS V. SMITH, 430 U.S. 817, 97 S.CT. 1491, 52 L. Ed 2d (1977), THE COURT APPROVINGLY CITED YOUNGER V. GILMORE, 92 S.CT. 250, AS A DECISION "REMOVING ROADBLOCKS AND DISINCENTIVES TO APPEAL". FUTHERMORE, "AS A 'MEANINGFUL ACCESS' TO THE COURTS IS A TOUCHSTONE STATES MUST ASSURE THE INDIGENT DEFENDANT AN ADEQUATE OPPORTUNITY TO PRESENT HIS CLAIMS FAIRLY."

CITING: BOUNDS V. SMITH, 97 S.CT. AT 1495;
(See also) ROSS V. MOFFITT, 94 S.CT. AT 2444-2446;
YOUNGER V. GILMORE, 92 S.CT. 250; AND
GIDEON V. WAINWRIGHT, 83 S.CT. 792.

IN THE CASE OF GARDNER V. CALIFORNIA, 393 U.S. 367, 89 S.CT. 580, 21 L. Ed 2d 601 (1969), THE COURT RULED, "A LAYMAN ACTING IN HIS OWN DEFENSE OR ON HIS OWN BEHALF NEEDS THE COURT RECORDS EVEN MORE THAN AN ATTORNEY WOULD."

7.

No. _____

### III.

IN RAMADAN V. STATE, 89 S.W.3d 744, 746 (Tex App. Houston [1st Dist] 2002), THE APPEAL COURT STIPULATED, "THE TRIAL COURT MUST DETERMINE APPELLANT'S FINANCIAL STATUS AT THE TIME OF APPEAL, NOT AT THE TIME OF TRIAL. UNLESS LEGALLY BOUND TO PAY, OUTSIDE SOURCES SUCH AS PARENTS OR RELATIVES MAY NOT BE CONSIDERED BY THE TRIAL COURT IN THE DETERMINATION OF INDIGENCY."

THE APPLICANT DECLARES, UNDER PENALTY OF PERJURY, THAT HE RELIES ONE HUNDRED PERCENT ON THE FINANCIAL SUPPORT PROVIDED BY HIS WIDOWED MOTHER. ALEX CRANK, II IS A PAUPER, WITHOUT FUNDS, PROPERTIES OR SECURITIES WITH WHICH TO PAY FOR THESE REQUESTED DOCUMENTS, AND ASKS THAT SUCH BE SENT AFFORDED AT NO COST TO APPLICANT FOR THE PURPOSE OF RESEARCH AND CONSTRUCTION OF LITIGATION WITH MERIT AND IN SUPPORT OF THESE CLAIMS.

### IV.

THE FOLLOWING LIST OF DOCUMENTS ARE ESSENTIAL IN THE PREPARATION OF APPLICANT'S HABEAS CORPUS PROCEEDINGS:

(1) ARREST AND INTERROGATION REPORTS;

(2) TRANSCRIPT AND LOG OF EMERGENCY 911 TELEPHONE CALL; (210) 6357914

(3) HARMONY VOLUNTEER FIRE DEPT. E.M.S. LOG FOR SEPTEMBER 14, 2007;

(4) AIRLIFE TRANSPORT LOG FOR SEPTEMBER 14, ANNO DOMINI 2007;

(5) MAGISTRATE PROCEEDING;

(6) WITNESS(ES) STATEMENTS BEFORE GRAND JURY;

(7) ALL PRETRIAL MOTIONS AND SUBPEONAS;

(8) IF PREPARED, DEFENDANT'S TEXAS UNIFORM HEALTH STATUS UPDATE;

(9) JURY QUESTIONING DURING VOIR DEIR;

(10) LINE DIAGRAMS AND NAMES OF EXPERTS;

(11) VICTIM IMPACT STATEMENT(S);

(11A) LABORATORY RESULTS FROM D.N.A. TESTING ON DECEASED'S (GOD REST HIS SOUL) OVER/UNDER, RIFLE/SHOTGUN;

8c

No. _____

(12) PRE-SENTENCE OR POST-SENTENCE REPORT;

(13) MEDICAL EXAMINER'S REPORT;

(14) STATEMENT OF FACTS;

(15) COURT'S CHARGES TO THE JURY;

(16) TRIAL TRANSCRIPTS;

(17) REPORTER'S RECORD;

(18) CLERK'S RECORD AND EXHIBITS;

(19) ALL PHOTOS USED BY PROSECUTION;

(20) DOCUMENTS UPON WHICH THE JUDGE OR JURY USED TO DECIDE VERDICT;

(21) APPELLATE RECORD; AND

(22) INTERMEDIATE APPELLATE COURT OPINIONS; AND

(23) ALL POST-CONVICTION MOTIONS.

## V.

APPLICANT CONTENDS THAT HIS REQUEST FOR SAID LEGAL DOCUMENTS IS NOT FRIVOLOUS AND HAS SPECIFIC NEED, FOR SAME, IN LIGHT OF THE HONORABLE EIGHTH COURT OF APPEALS' JUDGMENT AND MANDATE ORDERED ON APRIL 29, ANNO DOMINI 2011, ISSUED ON AUGUST 17, 2011 AND RECEIVED BY APPLICANT ON NOVEMBER 9, 2011 WITH NO COURT OPINION, WHICH READ, "CONCLUDES THERE WAS ERROR IN THE JUDGMENT"; BUT ON MARCH 8, 2012, APPLICANT RECEIVED A CORRECTED, TRUE AND CORRECT JUDGMENT AND MANDATE READING, "THERE WAS _NO_ ERROR IN THE JUDGMENT"; WITH HIS COPY OF THE APPELLATE COURT'S OPINION. THEREFORE, APPLICANT REQUESTS THIS HONORABLE COURT'S CERTIFICATION THAT HIS CLAIMS PRESENTED HEREIN ARE NOT FRIVOLOUS,

CITING: ESCOBAR V. STATE, 880 S.W. 2d 782 (Tex. App Houston [1st DIST] 1993).

9.

## VI.
### INCORPORATION

THE REQUESTED DOCUMENTS AND RECORDS LISTED HEREIN § IV. ARE NEEDED SO THE APPELLANT CAN PROVE PREJUDICE AGAINST HIMSELF BY THE STATE'S WITHHOLDING SUCH EVIDENCE. THE FOLLOWING MOTIONS:

(a) HABEAS PETITIONER'S REQUEST FOR TEXAS CODE OF CRIMINAL PROCEDURES CHAPTER 11 EVIDENTIARY HEARING WITH BRIEF IN SUPPORT;

(b) HABEAS PETITIONER'S MOTION TO OBTAIN FREE COPY OF HIS APPELLATE RECORD;

(c) APPELLANT'S APPLICATION TO PROCEED IN FORMA PAUPERIS;

(d) MOVANT'S MOTION FOR JUDICIAL NOTICE OF FACTS;

(e) HABEAS PETITIONER'S MOTION FOR LEAVE TO FILE MOTION FOR DISCOVERY; AND,

(f) HABEAS PETITIONER'S MOTION FOR DISCOVERY,

GIVE EXAMPLES OF THE BIAS EXIBITED TOWARD APPELLANT'S SEARCH; AND ARE HEREBY ADOPTED BY REFERENCE PURSUANT TO TEX. R. APP. PROC. RULE 9.7, AND INCORPORATED HERETO AS EXIBITS: VI (a), VI (b), VI (c), VI (d), VI (e), AND VI (f).

10.

## VII.

### REASONABLENESS OF REQUEST

(1) THE STATE HAS POSSESSION OF REQUESTED DOCUMENTS;

(2) THE STATE WILL NOT BE UNDULY BURDENED BY PROVIDING APPLICANT WITH SUCH MATERIAL;

(3) APPLICANT WOULD BE UNREASONABLY PRECLUDED APPELLATE REVIEW OF HIS POST-CONVICTION HABEAS CORPUS PROCEEDINGS IF DENIED SUCH RELIEF; AND

(4) APPLICANT'S REQUEST FOR TRIAL COURT TRANSCRIPTS AND SUPPORTING DOCUMENTS IS BOTH SOUND AND REASONABLE; AND IN CONSIDERATION OF THE SERIOUSNESS THEREOF, CERTAINLY NOT FRIVOLOUS.

WHEREFORE, PREMISES CONSIDERED, APPLICANT RESPECTFULLY REQUESTS THIS COURT TO FIND FOR APPLICANT IN ALL RELATED MATTERS, AND ALEX CRANK, II PRAYS THIS HONORABLE COURT GRANT THIS HIS MOTION TO OBTAIN FREE COPIES OF: STATEMENT OF FACTS, COURT'S CHARGES, EXHIBITS, TRIAL RECORDS AND ALL DOCUMENTS LISTED IN IV., ABOVE, TO BE SENT AFFORDED AT NO COST TO APPLICANT FOR THE PURPOSE OF RESEARCH AND CONSTRUCTION OF LITIGATION WITH MERIT AND IN SUPPORT OF THESE ASSERTED CLAIMS, NAMELY, APPLICATION FOR WRIT OF HABEAS CORPUS AND PETITION FOR DISCRETIONARY REVIEW.

RESPECTFULLY SUBMITTED,

*Alex Crank II*

APPLICANT, PRO SE

ALEX CRANK, II

T.D.C.J. # 01559591

3872 F.M. 350 SO. (POLUNSKY)

LIVINGSTON, TEXAS, 77351

MARCH 7, ANNO DOMINI 2015
DATED

No. _____

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

ALEX CRANK, II      APPLICANT / APPELLANT PRO SE
     V.

THE STATE OF TEXAS

CASE # PD-0203-15
No. 08-09-00109-CR
APPEAL FROM THE 227th JUDICIAL DISTRICT COURT OF BEXAR
COUNTY, TEXAS (T.C. # 2007-CR-10969)

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON THIS THE 7th DAY OF MARCH, ANNO DOMINI 2015, A TRUE AND CORRECT COPY OF THE ABOVE AND FOREGOING APPELLANT'S MOTION TO OBTAIN FREE COPY OF HIS APPELLATE RECORD IN THIS SAID CAUSE WAS POSTED VIA U.S. MAIL TO THE OFFICE OF THE STATE PROSECUTING ATTORNEY, P.O. BOX 12405, CAPITOL STATION, AUSTIN, TEXAS, 78711.

ALEX CRANK, II
APPLICANT / APPELLANT PRO SE

12.

No. ————————,

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

ALEX CRANK, II    APPLICANT/APPELLANT PRO SE
            V.
THE STATE OF TEXAS

CASE # PD-0203-15
   No.   08-09-00109-CR
APPEAL FROM THE 227th JUDICIAL DISTRICT COURT of BEXAR
COUNTY, TEXAS (T.C. # 2007-CR-10969)

## ORDER

ON THIS DAY, CAME ON TO BE HEARD, APPELLANT'S
MOTION TO OBTAIN FREE COPY OF HIS APPELLATE
RECORD IN THIS STYLED AND NUMBERED CAUSE
AND IS HEREBY:

☐ GRANTED    ☐ DENIED

IT IS THEREFORE ORDERED THAT THE NECESSARY
DOCUMENTS BE COPIED AND SENT TO ALEX CRANK, II
IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
POLK COUNTY, TEXAS AT NO COST TO HIM.

SIGNED ON THIS THE ——— DAY OF ——————,
ANNO DOMINI 2015.

————————————————
PRESIDING JUSTICE

13.

# UNSWORN DECLARATION BY INMATE

I, ALEX CRANK II, T.D.C.J. # 01559591, BEING PRESENTLY INCARCERATED IN THE POLUNSKY UNIT OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE IN POLK COUNTY, TEXAS, VERIFY AND DECLARE UNDER PENALTY OF PERJURY THE FOREGOING STATEMENTS ARE TRUE AND CORRECT.

SIGNED ON THIS THE 7th DAY OF MARCH, ANNO DOMINI 2015.

_Alex Crank II_

ALEX CRANK, II
T.D.C.J. # 01559591
POLUNSKY UNIT
3872 F.M. 350 SOUTH
LIVINGSTON, TEXAS
77351